## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ABEL DELGADO AND ROSA** | § | |
| **DELGADO** | § | |
| | § | |
| **v.** | § | **Civil Case No.:  3:17-cv-03025** |
| | § | |
| **MARIAN DOROBANTU AND R.S.P.** | § | |
| **EXPRESS, INC.** | § | |

### INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

**TO THE UNITED STATES DISTRICT CLERK:**

Pursuant to 28 U.S.C. § 1447(b), attached hereto are the following complete true and correct copies of all documents filed in the state court action:

1. Court Register
2. Plaintiff's Org Petition w Disc Requests filed 9.18.17
3. Case Filing Cover Sheet filed 9.18.17
4. Citation R.S.P. Express Inc. filed 9.20.17
5. Citation – Marian Dorobantu filed 9.20.17
6. Citation 2 – Marian Dorobantu filed 9.20.17
7. Med Rec Aff-Texas MDDX-Rosa filed 10.2.17
8. Bill Rec Aff-Henry Horrilleno, MD-Rosa filed 10.2.17
9. Bill Rec Aff-Injury Treatment Centers-Rosa filed 10.2.17
10. Med Rec Aff-Injury Treatment Centers -Rosa filed 10.2.17
11. Med Rec Aff-Henry Horrilleno-Rosa filed 10.2.17
12. Bill Rec Aff-Texas MDDX-Rosa filed 10.2.17
13. Med Rec Aff-Texas MDDX-Rosa filed 10.5.17
14. Med Rec Aff-Injury Treatment Centers of Texas-Abel filed 10.13.17
15. Bill Rec Aff-Comprehensive Spine Center-Rosa filed 10.13.17
16. Bill Rec Aff-Mid-Cites-Rosa filed 10.13.17
17. Bill Rec Aff-Injury Treatment Centers of Texas-Abel filed 10.13.17
18. Med Rec Aff-Mid-Cities-Rosa filed 10.13.17
19. Bill Rec Aff-TX MDDX-Abel filed 10.13.17
20. Bill Rec Aff-Henry Horrilleno-Abel Delgado filed 10.13.17
21. Med Rec Aff-Tx MDDX-Abel filed 10.13.17
22. Med Rec Aff-Henry Horrilleno-Abel Delgado filed 10.13.17
23. Med Rec Aff-Comprehensive Spine Center-Rosa filed 10.13.17
24. Return of Service - on M Dorobantu filed 10.19.17
25. Defendants' Original Answer filed 10.20.17

26. Mediation Order filed 10.23.17
27. Court Notice of Appointment of Mediator filed 10.23.17
28. Court Notice of Non-Jury Trial filed 10.23.17

Respectfully submitted,

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**TANNER A. WILSON**
State Bar No. 24080715
twilson@feesmith.com
FEE, SMITH, SHARP & VITULLO, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANTS
MARIAN DOROBANTU AND
R.S.P. EXPRESS, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 1st, 2017, the foregoing Index of Pleadings Filed in the State Court Action was filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

R. Lane Addison
Geoff J. Henley
Henley & Henley, PC
2520 Fairmount St., Suite 200
Dallas, TX 75201
Email: rladdison@henleylawpc.com
Email: ghenleyb@henleylawpc.com

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**

# Case Information

DC-17-12612 | ABEL DELGADO, et al vs. MARIAN DOROBANTU, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-17-12612 | 68th District Court | HOFFMAN, MARTIN |
| File Date | Case Type | Case Status |
| 09/18/2017 | MOTOR VEHICLE ACCIDENT | OPEN |

# Party

PLAINTIFF
DELGADO, ABEL

Active Attorneys ▾
Lead Attorney
ADDISON,
ROBERT L.
Retained

Work Phone
214-821-0222

Fax Phone
214-821-0124

PLAINTIFF
DELGADO, ROSA

Active Attorneys ▾
Lead Attorney
ADDISON,
ROBERT L.
Retained

Work Phone
214-821-0222

Fax Phone
214-821-0124

DEFENDANT
DOROBANTU, MARIAN

Address

Active Attorneys ▾
Lead Attorney

36323 HAVERHILL ST
STERLING HEIGHTS MI 48312

SHARP, MICHAEL
PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

DEFENDANT
R.S.P. EXPRESS, INC.

Address
BY SERVING ITS REGISTERED AGENT
MARION POP
28169 VAN BORN RD
ROMULUS MI 48174

Active Attorneys ▾
Lead Attorney
SHARP, MICHAEL
PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

## Events and Hearings

09/18/2017 NEW CASE FILED (OCA) - CIVIL

09/18/2017 ORIGINAL PETITION ▾

plfs orig pet w-rfd-rogs-rfp 091817.pdf

09/18/2017 CASE FILING COVER SHEET ▾

civil case info sheet 091817.pdf

09/18/2017 ISSUE CITATION COMM OF INS OR SOS

09/18/2017 REQUEST FOR SERVICE ▾

dallas co dist clk re-file lawsuit and issue three citations 091817.pdf

09/20/2017 CITATION ISSUED ▾

DC17-12612 RSP.pdf

DC17-12612 MARIAN.pdf

DC17-12612 MARIAN #2.pdf

---

09/20/2017 CITATION SOS/COI/COH/HAG ▾

Anticipated Server
ESERVE

Anticipated Method
Anticipated Server
ESERVE

Anticipated Method
Comment
2CIT ESERVE 19558040 /TJ.

---

09/20/2017 CITATION SOS/COI/COH/HAG ▾

Anticipated Server
ESERVE

Anticipated Method
Comment
ESERVE/TJ.

---

10/02/2017 AFFIDAVIT ▾

Redact-Med Rec Aff-Texas MDDX-Rosa.pdf

Comment
TEXAS MDDX

---

10/02/2017 AFFIDAVIT ▾

Redact-Bill Rec Aff-Henry Horrilleno, MD-Rosa.pdf

Comment
HENRY HORRILLENO MD

---

10/02/2017 AFFIDAVIT ▾

Redact-Bill Rec Aff-Injury Treatment Centers-Rosa.pdf

Comment
INJURY TREATMENT CENTERS OF TEXAS

---

10/02/2017 AFFIDAVIT ▾

Redact-Med Rec Aff-Injury Treatment Centers -Rosa.pdf

Comment
INJURY TREATMENT CENTERS OF TEXAS

---

10/02/2017 AFFIDAVIT ▾

Redact-Med Rec Aff-Henry Horrilleno-Rosa.pdf

Comment
HENRY HORRILLENO MD

---

10/02/2017 AFFIDAVIT ▼

Redact-Bill Rec Aff-Texas MDDX-Rosa.pdf

Comment
TEXAS MDDX

---

10/05/2017 AFFIDAVIT ▼

Redact-Med Rec Aff-Texas MDDX-Rosa.pdf

Comment
Texas MDDX

---

10/13/2017 AFFIDAVIT ▼

Redact-Med Rec Aff-Injury Treatment Centers of Texas-Abel.pdf

Comment
Medical Records Affidavit-Injury Treatment Centers of Texas

---

10/13/2017 AFFIDAVIT ▼

Redact-Bill Rec Aff-Comprehensive Spine Center-Rosa.pdf

Comment
Comprehensive Spine Center

---

10/13/2017 AFFIDAVIT ▼

Redact-Bill Rec Aff-Mid-Cites-Rosa.pdf

Comment
Mid-Cities Imaging

---

10/13/2017 AFFIDAVIT ▼

Redact-Bill Rec Aff-Injury Treatment Centers of Texas-Abel.pdf

Comment
Injury Treatment Centers of Texas

---

10/13/2017 AFFIDAVIT ▼

Redact-Med Rec Aff-Mid-Cities-Rosa.pdf

Comment
Mid-Cities imaging

---

10/13/2017 AFFIDAVIT ▼

Redact-Bill Rec Aff-TX MDDX-Abel.pdf

Comment
Texas Mddx

---

10/13/2017 AFFIDAVIT ▼

Redact-Bill Rec Aff-Henry Horrilleno-Abel Delgado.pdf

Comment
Henry Horrilleno, MD

---

10/13/2017 AFFIDAVIT ▼

Redact-Med Rec Aff-Tx MDDX-Abel.pdf

Comment
Texas MDDX

---

10/13/2017 AFFIDAVIT ▼

Redact-Med Rec Aff-Henry Horrilleno-Abel Delgado.pdf

Comment
Henry Horrilleno, MD

---

10/13/2017 AFFIDAVIT ▼

Redact-Med Rec Aff-Comprehensive Spine Center-Rosa.pdf

Comment
COMPREHENSIVE SPINE CENTER

---

10/19/2017 RETURN OF SERVICE ▼

10-13-17 citation-executed-def marian dorobantu-home addr.pdf

Comment
SECRETARY OF STATE - ON DEFENDANT MARIAN
DOROBANTU AT HOME ADDRESS

---

10/20/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

DEFs OA (10.20.17).pdf

---

10/23/2017 ORDER - MEDIATION ▼

ORDER - MEDIATION

---

05/08/2018 Non Jury Trial ▼

68th Court-Cover Pg for Level 1/2 Sch Order or Med Order

68th Court-Cover Pg for Level 1/2 Sch Order or Med Order

68th Court-Non-Jury Trial Letter

68th Court-Non-Jury Trial Letter

Judicial Officer
HOFFMAN, MARTIN

Hearing Time
9:00 AM

Comment
1ST TRL SETTING - ASSIGND MEDIATOR AND MLD NTCS TO ALL
PARTIES

## Financial

DELGADO, ROSA

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $328.00 |
| Total Payments and Credits | | | | $328.00 |
| 9/19/2017 | Transaction Assessment | | | $328.00 |
| 9/19/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 60987-2017-DCLK | DELGADO, ROSA | ($328.00) |

## Documents

plfs orig pet w-rfd-rogs-rfp 091817.pdf

civil case info sheet 091817.pdf

dallas co dist clk re-file lawsuit and issue three citations 091817.pdf

DC17-12612 RSP.pdf

DC17-12612 MARIAN.pdf

DC17-12612 MARIAN #2.pdf

Redact-Med Rec Aff-Texas MDDX-Rosa.pdf

Redact-Bill Rec Aff-Henry Horrilleno, MD-Rosa.pdf

Redact-Bill Rec Aff-Injury Treatment Centers-Rosa.pdf

Redact-Med Rec Aff-Injury Treatment Centers -Rosa.pdf

Redact-Med Rec Aff-Henry Horrilleno-Rosa.pdf

Redact-Bill Rec Aff-Texas MDDX-Rosa.pdf

Redact-Med Rec Aff-Texas MDDX-Rosa.pdf

Redact-Med Rec Aff-Injury Treatment Centers of Texas-Abel.pdf

Redact-Bill Rec Aff-Comprehensive Spine Center-Rosa.pdf

Redact-Bill Rec Aff-Mid-Cites-Rosa.pdf

Redact-Bill Rec Aff-Injury Treatment Centers of Texas-Abel.pdf

Redact-Med Rec Aff-Mid-Cities-Rosa.pdf

Redact-Bill Rec Aff-TX MDDX-Abel.pdf

Redact-Bill Rec Aff-Henry Horrilleno-Abel Delgado.pdf

Redact-Med Rec Aff-Tx MDDX-Abel.pdf

Redact-Med Rec Aff-Henry Horrilleno-Abel Delgado.pdf

Redact-Med Rec Aff-Comprehensive Spine Center-Rosa.pdf

10-13-17 citation-executed-def marian dorobantu-home addr.pdf

DEFs OA (10.20.17).pdf

68th Court-Cover Pg for Level 1/2 Sch Order or Med Order

68th Court-Cover Pg for Level 1/2 Sch Order or Med Order

68th Court-Non-Jury Trial Letter

68th Court-Non-Jury Trial Letter

ORDER - MEDIATION

FILED
DALLAS COUNTY
9/18/2017 3:00 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. DC-17-12612

| | | |
|---|---|---|
| ABEL DELGADO AND | § | IN THE JUDICIAL DISTRICT COURT |
| ROSA DELGADO | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| MARIAN DOROBANTU AND | § | |
| R.S.P. EXPRESS, INC., | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION
## WITH REQUEST FOR DISCLOSURE, INTERROGATORIES,
## AND FIRST REQUEST FOR PRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, ABEL DELGADO AND ROSA DELGADO, (**"Plaintiffs"**), and file this

Plaintiffs' Original Petition complaining of MARIAN DOROBANTU AND R.S.P. EXPRESS,

INC. AND, (**"Defendants"**), and would respectfully show to the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiffs request a Level II

discovery control plan.

### I.
### PARTIES

1.    Plaintiffs reside in Dallas County, Texas.

2.    Defendant **R.S.P. EXPRESS, INC.** is a foreign corporation that was incorporated

in the State of Michigan. R.S.P. Express, Inc. is not licensed to transact business in the State of

Texas. Service of process can be perfected on Defendant R.S.P. Express, Inc. on the registered

agent, Marian Pop, located at 28169 Van Born Road, Romulus, Michigan 48174, through the

Texas Secretary of State by mailing the citation with attached copies of the Original Petition with copies of the Request for Disclosure, Interrogatories, and Request for Production, via certified mail, return receipt requested.

3.      Defendant **MARIAN DOROBANTU** is a resident of Macomb County, Michigan. Service of process can be perfected on Marian Dorobantu at his usual place of abode located at 36323 Haverhill Street, Sterling Heights, Michigan, 48312 through the Texas Secretary of State by mailing the citation with attached copies of the Requests for Disclosure, Interrogatories, and Requests for Production certified mail, return receipt requested; and serve the citation with attached copies of the Requests for Disclosure, Interrogatories, and Requests for Production on Defendant Marian Dorobantu, certified mail return receipt requested at his place of employment, R.S.P. Express, Inc., located at 28169 Van Born Road, Romulus, Michigan 48174 through the Texas Secretary of State.

### III.
### VENUE AND JURISDICTION

4.      Venue in this case is proper pursuant to § 15.002(a)(1) of the Texas Civil Practice and Remedies Code because the accident that forms the basis of this lawsuit occurred in Dallas County, Texas.

5.      This Court has subject matter jurisdiction over this case, because the amount in controversy for the exclusive of costs and interest is within the jurisdictional limits of this Court. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

### IV.
### FACTS

6.      On December 9, 2015, Rosa Delgado was driving her Toyota Camry in a westerly direction on Interstate 30 in Mesquite, Dallas County, Texas. Rosa Delgado's son, Abel

Delgado, was a passenger in the vehicle. Suddenly and without warning, a truck driven by Defendant Marian Dorobantu, an employee of R.S.P. Express, Inc., crashed into the vehicle driven by Rosa Delgado causing Plaintiffs bodily injuries. Defendants' acts of negligence proximately caused the accident and Plaintiffs' injuries.

## V.
## CAUSES OF ACTIONS AGAINST DEFENDANT MARIAN DOROBANTU

7.     Plaintiffs would show this Court that the negligent acts and omissions of Defendant Marian Dorobantu and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs.

8.     The violations, negligent acts and omissions are, among others, as follows:

   a.     Defendant failed to keep the proper lookout as required pursuant to §545.052(1) of the Tex. Trans. Code Ann.;
   b.     Defendant failed to apply the brakes of his vehicle immediately prior to the collision in question;
   c.     Defendant failed to timely apply the brakes on his vehicle immediately prior to the collision in question;
   d.     Defendant failed to turn his vehicle to the left or right in order to avoid the collision in question;
   e.     Defendant drove his vehicle at the time and on the occasion in question with heedless and reckless disregard of the safety of others, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.401;
   f.     Defendant failed to control the speed of the vehicle he was operating in compliance with §545.351(b)(1) and §545.351(b)(2) of the Tex. Trans. Code Ann.;
   g.     Defendant failed to drive in a single lane as required pursuant to §545.060(a)(1) of the Tex. Trans. Code Ann.;
   h.     Defendant moved from his lane of travel into the lane of travel of the Plaintiff when it was unsafe to do so pursuant to §545.060(2) of the Tex. Trans. Code Ann.;
   i.     Violating at least Sections 542.301, 545.053(a)(1), 545.351(a) and (b), 535.351(c)(5), 545.401(a), and 552.008(2) of the Tex. Trans. Code Ann.;

j.    Defendant failed to maintain an assured distance between his vehicle and Plaintiff's vehicle in violation of Section 545.062(a) of the Tex. Trans. Code Ann.; and

k.    Defendant swerved the vehicle he was operating when unsafe.

9.    The above identified statutory violations constitute negligence *per se*.

## VI.
## R.S.P. EXPRESS, INC.
## RESPONDEAT SUPERIOR

10.    Plaintiffs reallege and incorporate Paragraphs 1-9 herein by reference as if stated verbatim pursuant to Rule 58 of the Texas Rules of Civil Procedure. Defendant R.S.P. Express, Inc. is liable for the acts its employee, Marian Dorobantu, committed while he was in the course and scope of his employment for R.S.P. Express, Inc. Under the doctrine of *respondeat superior*, Defendant R.S.P. Express, Inc. is vicariously liable for Marian Dorobantu's reckless and negligent conduct.

11.    Defendant R.S.P. Express, Inc. is further liable to the Plaintiffs for negligence *per se* for violating § 542.302 of the *Transportation Code* by requiring or permitting Marian Dorobantu to operate a truck in a manner that violated Texas law.

## VII.
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
## BY R.S.P. EXPRESS, INC.

12.    Plaintiffs reallege and incorporate Paragraphs 1-11 herein by reference as if stated verbatim pursuant to Rule 58 of the Texas Rules of Civil Procedure. Marian Dorobantu made an unsafe lane change when he drove the 18 wheeler truck into the lane of travel of Rosa Delgado. The negligent act was the consequence of failure to hire, train, and supervise its drivers in proper lane change in moving traffic, and the resulting accident.

## VIII.
## NEGLIGENT ENTRUSTMENT

13.     Plaintiffs reallege and incorporate Paragraphs 1-12 herein by reference as if stated verbatim pursuant to Rule 58 of the Texas Rules of Civil Procedure.  Plaintiffs expressly plead the doctrine of Negligent Entrustment against R.S.P. Express, Inc. for having entrusted a vehicle that it owned or otherwise controlled to Marian Dorobantu who was an incompetent or reckless driver when R.S.P. Express, Inc. knew or should have known that Marian Dorobantu was an incompetent or reckless driver.  Defendant's negligent entrustment of the vehicle to Defendant Dorobantu was a proximate cause of the collision, and the injuries and damages of the Plaintiffs.

## IX.
## DAMAGES TO PLAINTIFFS

14.     As a result of the incident described herein, Plaintiffs incurred reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future.

15.     Plaintiffs have experienced mental anguish in the past as a result of their physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of their physical injuries.

16.     Plaintiffs have experienced physical pain and suffering in the past as a result of their physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of their physical injuries.

17.     Plaintiffs have experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

18.     Plaintiffs have suffered disfigurement in the past as a result of the incident and, in all reasonable probability, such disfigurement will continue in the future.

19.     As a result of the above, Plaintiffs seek damages within the jurisdictional limits of this Court.

## X.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

20.     Plaintiffs claim all lawful pre-judgment and post-judgment interest on the damages suffered.

## XI.
## JURY DEMAND

21.     Plaintiffs request that a jury be convened to try the factual issues in this cause.

## XII.
## REQUEST FOR DISCLOSURE

Pursuant to Rules 190.3 and 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendants to disclose within fifty (50) days of service of this request the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding party to produce responsive documents at the undersigned law offices.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer herein and upon final hearing of this cause, Plaintiffs have judgment against Defendants, jointly and severally, for damages, costs of suit, interest from the date of the incident, and for such other relief to which Plaintiffs may be justly entitled at law and in equity.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

By:    /s/ R. Lane Addison
        R. Lane Addison
        State Bar No. 24059355
        rladdison@henleylawpc.com
        Geoff J. Henley
        State Bar No. 00798253
        ghenleyh@henleylawpc.com
        2520 Fairmount St, Suite 200
        Dallas, Texas 75201
        Telephone Number: (214) 821-0222
        Facsimile Number: (214) 821-0124

        **ATTORNEYS FOR PLAINTIFFS**

**"EXHIBIT A"**

## PLAINTIFFS' INTERROGATORIES TO
## DEFENDANT MARIAN DOROBANTU

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiffs serve the attached interrogatories to be propounded to Defendant **MARIAN DOROBANTU.**

You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within 50 (fifty) days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure. Plaintiff further demands that you supplement your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms **"you"** and **"your"** shall refer to MARIAN DOROBANTU, his attorneys, agents, representatives, employees, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of MARIAN DOROBANTU, whether authorized to do so or not.

2.    As used herein, the term **"documents"** shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including

books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.       In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.       **"Person"**:    The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.       **"Identify"** or **"Identification"**:

(a)      When used in reference to a person, "identify" or "identification" means to state his full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)       the title, heading, or caption, if any, of such document;

(ii)      the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)     the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

     (iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

     (v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

     (vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

     (vii)    the physical location of the document and the name of its custodian or custodians.

6.     **"Settlement"**: as used herein, means:

     (a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

     (b)    any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device that is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

     (c)    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

8.     **"Plaintiffs"** mean Abel Delgado and Rosa Delgado.

9.     **"Defendant"** means Marian Donobantu.

10. "**Defendants**" mean Marian Donobantu and R.S.P. Express, Inc.

11. "**Date of Accident**", or "**Date of Incident**", or "**Date of Occurrence**" means the date the accident occurred.

## INTERROGATORIES

1. Please state your full name, alias used during your life time; address, telephone number, date of birth, all driver's license numbers with the issuing state, social security number, spouse's name, if applicable.

ANSWER:

2. State the full name, telephone number, address, job title, and duties of the person or persons responsible for your training and safety supervision at R.S.P. Express, Inc.

ANSWER:

3. State the full name, telephone number, address of each immediate supervisor at each of your employers for ten (10) years prior to the date of the accident to the present. State the beginning and ending dates of each job and the reasons that your employment ended with each employer. Please indicate if you have held any ownership interest in any of the business(es).

ANSWER:

4. State whether you were acting within the course and scope of your employment, service, or agency at the time of the collision for R.S.P. Express, Inc.

ANSWER:

5. State the style, court and cause number of every lawsuit you have been a party to ten years prior to the incident made the basis of this lawsuit to the present, excluding the instant lawsuit, and the final disposition of each suit.

ANSWER:

6. Please state all traffic violations you have had in ten (10) years prior to the accident made the basis of this lawsuit to the present. Please state if your driving license has ever been revoked due to any moving vehicle violations, substance, alcohol, or drug use/abuse and the period of time your license was revoked.

ANSWER:

7.   Please state whether you have had any other motor vehicle accidents ten (10) years.  If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

ANSWER:

8.   Have you had any felony arrests, charges, and/or convictions against you 10 years prior to the accident made the basis of this lawsuit to the present?  If yes, please state the dates; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and the date pardon granted or parole was or will be successfully completed.

ANSWER:

9.   State what intoxicating beverages, if any, you had consumed, where you consumed the beverages, and what drugs and/or medications, if any, you had taken 24 hours prior to the collision.

ANSWER:

10.   Did you inspect the truck before immediately before you drove it prior to the accident?

ANSWER:

11.   Do you contend that your vehicle sustained any property damage in the collision?  If yes, please describe the damage and the cost of the repairs?

ANSWER:

12.   Did you anticipate litigation would ensue from the accident that occurred on December 15, 2017?  If yes, please state the date and each reason why you anticipation.

ANSWER:

13.   Do you have information indicating or any reason to believe that there was any defect on your vehicle which in whole or in part was the cause of the collision?  If so, state the basis for such belief.

ANSWER:

14.   Was your vision obstructed that prevented you from seeing the vehicle that the Plaintiffs were in?  If yes, generally state how your vision was obstructed.

ANSWER:

15.     State what type of breaks were on the truck that you were driving at the time of the accident made the basis of this lawsuit.

**ANSWER:**

16.     When did you first realize that the accident had occurred?  How did you know the accident had occurred?

**ANSWER:**

17.     State where you had been prior to the accident, where you were going at the time of the accident, the purpose of your trip, and the time you were scheduled to reach your destination.

**ANSWER:**

18.     State generally the dates and all conversations you had with witnesses, law enforcement personnel, investigators for your employer, your employer, and adjusters with the liability insurance company for your employer immediately after the accident and subsequent to the accident.

**ANSWER:**

19.     State generally all investigations conducted of the incident by yourself, R.S.P. Express, Inc., your agents, employees, representatives, and attorneys made the basis of this lawsuit, and state who conducted the investigation, when the investigation was conducted, and the results, findings, recommendations, and conclusions of the investigations.

**ANSWER:**

20.     Does your driver's license have an endorsement that requires you to wear eyeglasses or corrective lenses while driving?  If so, please state if you were you wearing such at the time of the accident, and if not, state why not?

**ANSWER:**

21.     Please state what you did and what actions you took to avoid the accident.  If no actions were taken, state why not.

**ANSWER:**

22.     Please state the speed of the vehicle that you were driving at the time of the accident made the basis of this lawsuit ten minutes prior to the accident in question, including the speed at the time of the impact and, if your brakes were on at the time of impact, please state the speed of your vehicle before you applied the brakes.

**ANSWER:**

23.   Please explain your version of the accident happened, including factors that contributed to the accident whether it occurred or existed before, during or after this incident; traffic controls, speed, weather conditions, visibility, direction of the vehicles, road surface, lighting conditions; the location of all vehicles at first sight of the other party's car, details regarding braking and skid marks of all vehicles, location of all vehicles immediately after the impact, any warnings given by the driver of any vehicle, exact location of the vehicles at point of impact and after, any obstruction of view and a description of other vehicles and drivers involved.

**ANSWER:**

24.   State the facts that you contend refute Plaintiff's claims and/or substantiate any and/or all defenses alleged you.

**ANSWER:**

25.   Please state each and every contention, affirmative defenses, or denial of liability on any claim made the basis of this suit. Include in your answer:

    a.    all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

    b.    the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of any claim; and

    c.    the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

## VERIFICATION

STATE OF MICHIGAN     §
                                     §

COUNTY OF _____    §

BEFORE ME, the undersigned authority personally appeared

_____ , who stated, upon oath, that the statements made in the foregoing

instrument are within his personal knowledge and are true and correct.

_____

**AFFIANT**

**SUBSCRIBED AND SWORN TO BEFORE ME** on this, the _____ day of

_____ , 2017.

_____

Notary Public, State of Michigan

**MY COMMISSION EXPIRES:**

_____

## EXHIBIT "A"
### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
### TO DEFENDANTS MARIAN DOROBANTU AND
### DEFENDANT R.S.P. EXPRESS, INC.

Please take notice that request is hereby made by Plaintiffs, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendants MARIAN DOROBANTU and R.S.P. EXPRESS, INC. produce or allow to be inspected and copied or reproduce the items requested to attorney, Geoff J. Henley, within 50 (fifty) days after service of these Requests for Production, you must serve a written response to the undersigned attorney at HENLEY & HENLEY, P.C., 2520 Fairmount Street, Suite 200, Dallas, Texas 75201, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested hereinafter designated on **Exhibit "A"** attached hereto.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "**you**" and "**your**" shall mean Defendants MARIAN DOROBANTU and R.S.P. EXPRESS, INC. their attorneys, agents, representatives, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendants MARIAN DOROBANTU and R.S.P. EXPRESS, INC. whether authorized to do so or not.

2.    As used herein, the term "**documents**" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.   For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.    In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "**Person**" or "**persons**" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity. Any and all data or information that is in electronic or magnetic form should be produced in a reasonable manner.

5.      Unless otherwise specified, "**vehicle**," "**truck**" and "**tractor**," "**trailer**" and "**tractor trailer**" mean the motor vehicle operated and/or owned by Defendants MARIAN DOROBANTU AND/OR R.S.P. EXPRESS, INC., respectively, at the time of the collision made the basis of this suit.

6.      Unless otherwise specified, "**trailer**" means the vehicle that Defendants MARIAN DOROBANTU was driving and/or owned, leased, rented by R.S.P. EXPRESS, INC. at the time of the collision made the basis of this suit.

7.      "**Date of incident**" is December 15, 2015.

8.      "**Plaintiffs**" means Abel Delgado and Rosa Delgado.

9.      "**Record**" means a written memorandum, report, or data compilation.

10.     "**Reference**" means any kind of written material or any other medium including but not limited to electronically stored information.

11.     "**Relevant Evidence**" is any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.

12.     "**Defendants**" mean MARIAN DOROBANTU AND R.S.P. EXPRESS, INC.

13.     "**Communication**" or "**communications**" as used herein includes, without limitation, writings and printed matter of every kind and description and oral statements, conversations, discussions, and conferences.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined herein in the section, "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from January 1, 2005 through the date of production of documents requested herein.

### REQUEST FOR PRODUCTION

1.    Color copies of all photographs, drawings, diagrams, sketches, and other documents depicting, describing, or purporting to depict or describe any part of the incident or any object or person involved in the accident.  *NOTE: Plaintiff will reimburse counsel reasonable costs incurred for the color photographs for compliance with this request.

RESPONSE:

2.    Copies of all movies and videotapes depicting, describing, or purporting to depict or describe any part of the incident or any object or person involved in the accident.

RESPONSE:

3.    Color photographs, movies, drawings, diagrams, sketches, videotapes and other documents depicting, describing, or purporting to depict or describe all the vehicles involved in the accident.  *NOTE: Plaintiff will reimburse counsel reasonable costs incurred for the color photographs for compliance with this request.)

RESPONSE:

4.    All documents referring to, describing, recording the results of, or prepared for, as a result of, or in connection with any test, inspection, measurement, investigation, or examination, of the vehicle after the incident.

RESPONSE:

5.    All documents that refer to, describe, report, or were prepared in connection with the incident, any collision or other event that resulted in any damage, of any kind, to the vehicle. These documents shall include, but not be limited to, police reports and photographs, accident reports, insurance claims, adjusters' estimates, repair estimates, canceled checks, and other documents depicting, relating to or referring to a collision or event or to damage to the vehicle.

RESPONSE:

6.    All reports, summaries, or descriptions of, or other documents referring to or created in connection with, any investigation of the incident conducted by or at the request of all law enforcement agencies, including federal, state, county, and local.

RESPONSE:

7.    All documents referring to, describing, or created in connection with the injuries or damages sustained by MARIAN DOROBANTU in the incident including, but not limited to, ambulance run sheets, emergency medical service records, and medical records rendered in connection with the incident.

RESPONSE:

8.      Copies of all billing statements for medical services provided to you in connection with the incident made the basis of this litigation.

RESPONSE:

9.      Copies of all out of pocket expenses you incurred as a result of the incident made the basis of this lawsuit.

RESPONSE:

10.     A copy of MARIAN DOROBANTU's certified driving record.

RESPONSE:

11.     A copy of Marian Dorobantu's driver's license.

RESPONSE:

12.     Copies of all documents from the Texas Secretary of State to R.S.P. EXPRESS, INC. granting permission to transact business in the State of Texas.

RESPONSE:

13.     Copies of all agreements or understanding providing for cooperation or lack of cooperation between your attorney and co-defendant Beth Ann Collins' attorney and/or insurance companies concerning strategies, joint collaborations, and/or trial for this lawsuit.

RESPONSE:

14.     A complete copy of R.S.P. EXPRESS, INC.'s business organization documents filed with the Texas Secretary of State.

RESPONSE:

15.     Color copies of all photographs of the damages to the vehicle operated by MARIAN DOROBANTU and accident scene.

RESPONSE:

16.     Copies of all R.S.P. EXPRESS, INC.'s business organization documents filed with the Tennessee Secretary of State.

RESPONSE:

17.     Copy of MARIAN DOROBANTU's driver's log from to June 1, 2012 to September 13, 2012.

RESPONSE:

18.     Maintenance records of the vehicle that MARIAN DOROBANTU was operating on September 13, 2012.

RESPONSE:

19.     Copies of all witness statements whether written or electronically recorded.

RESPONSE:

20.     A copy of all printouts or documents with the readings of the Event Data Recorder or "Blackbox" from the vehicle that MARIAN DOROBANTU was operating on December 19, 2015.

RESPONSE:

21.     A copy of all tachometer records for the vehicle operated by MARIAN DOROBANTU.

RESPONSE:

22.     A copy of all on-board computer records for the vehicle operated by MARIAN DOROBANTU.

RESPONSE:

23.     A copy of all dispatch records pertaining to MARIAN DOROBANTU from October 1, 2015 through the date of the accident.

RESPONSE:

24.     A copy of all fax transmissions pertaining to MARIAN DOROBANTU from December 1, 2015 through the date of the accident.

RESPONSE:

25.     Copies of all documents prepared by any insurer, representative, agent, or anyone regarding the date of the accident made the basis of this lawsuit, MARIAN DOROBANTU, and R.S.P. EXPRESS, INC. during the investigation of the incident. Such documents shall include any documents made or prepared up through the present time, with the exclusion of mental impressions, conclusions, or the opinions of Defendants' attorneys respecting the value or merit of a defense or respecting strategy or tatics.

RESPONSE:

26.    A copy of all mobile phone records of MARIAN DOROBANTU from December 14, 2015 through December 16, 2015.

RESPONSE:

27.    A copy of all wrecker or tow truck records pertaining to the vehicle that MARIAN DOROBANTU was driving that was involved in the incident made the basis of this lawsuit.

RESPONSE:

28.    A copy of the truck and trailer license.

RESPONSE:

29.    A copy of MARIAN DOROBANTU's trip summaries.

RESPONSE:

30.    A copy of all credit card receipts to this vehicle and driver from December 13, 2015 through the date of the accident.

RESPONSE:

31.    A copy of all weight tickets of this vehicle and driver from December 12, 2015 through the date of the accident.

RESPONSE:

32.    A copy of all state entry and departure records for the vehicle operated by MARIAN DOROBANTU from December 1, 2015 through the date of the accident.

RESPONSE:

33.    A copy of registration and title to the truck.

RESPONSE:

34.    A copy of all repair and maintenance records for the vehicle operated by MARIAN DOROBANTU from September 1, 2015 through the date of the accident.

RESPONSE:

35.    A copy of all trailer interchange records for the vehicle operated by MARIAN DOROBANTU from September 1, 2015 through the date of the accident.

RESPONSE:

36.    A copy of all bills of lading for MARIAN DOROBANTU from December 1, 2015 through the date of the accident.

RESPONSE:

37.    A complete and un-redacted copy of MARIAN DOROBANTU's personnel file, including but not limited to, background investigation, prior employment verification, drug and alcohol testing, training and safety meetings attendances, driver's license verification, road tests evaluations, reprimands, and CDL driving tests scores.

RESPONSE:

38.    Complete and un-redacted copies of all the violations of motor vehicle traffic laws of MARIAN DOROBANTU pursuant to 49 C.F.R. 391.27.

RESPONSE:

39.    A copy of the written response from each state and federal agency with reference to the truck driver's driving record of MARIAN DOROBANTU.

RESPONSE:

40.    A complete copy of MARIAN DOROBANTU's qualifications as a driver pursuant to 49 CFR 391.51, including employee's application, MARIAN DOROBANTU's previous employers for five years prior to the incident date that preceded the date of his application and the reasons for leaving each employer.

RESPONSE:

41.    Complete and un-redacted copies of the violations of motor vehicle traffic laws of MARIAN DOROBANTU pursuant to 49 C.F.R. 391.27.

RESPONSE:

42.    A copy of Defendant R.S.P. EXPRESS, INC.'s employee policy manual.

RESPONSE:

43.    Complete copies of R.S.P. EXPRESS, INC.'s manual pertaining to truck safety, maintenance, and driver's standards.

RESPONSE:

44.     Complete copies of all documents related to all hearings on a worker's compensation claim filed by MARIAN DOROBANTU for any alleged injuries arising out of the accident made the basis of this lawsuit.

RESPONSE:

45.     Complete and un-redacted copies of all written responses from each state and federal agencies contract with reference to MARIAN DOROBANTU's driving record in reference to 49 C.F.R. 391.23.

RESPONSE:

46.     Copies of all writings or printouts generated by any on-board computer of the truck involved in the accident.

RESPONSE:

47.     A copy of the medical examiner's certificate and evaluation for Defendant MARIAN DOROBANTU, including, all notes and annotations showing when and who reviewed the driver's record with him for each year of employment.

RESPONSE:

48.     A list of all certificates showing all violations of motor vehicle laws and ordinances, responses from state agencies and employers to your inquiries about the truck driver's employment and driving records, certificate of road test, records of drug and alcohol tests, and an accident register listing all Department of Transportation recordable preventable accidents.

RESPONSE:

49.     Copies of all out of service orders for the vehicle driven by MARIAN DOROBANTU that was involved in the accident made the basis of this lawsuit from January 1, 2015 through the date of the accident.

RESPONSE:

50.     Copies of the driver's logs (i.e. records of any duty status) for September 1, 2015 to the date of the accident made the basis of this suit.

RESPONSE:

51.     Copies of all impeachment documents that may be used at trial pursuant to Rule 609 of the Texas Rules of Civil Procedure.

RESPONSE:

52.    A copy of the accident report.

RESPONSE:

53.    A copy of all estimates, appraisals, supplements, amendments, invoices, and receipts for damage and repairs of the truck that was involved in the accident made the basis of this lawsuit.

RESPONSE:

54.    A copy of all lease and trip lease contracts between MARIAN DOROBANTU, R.S.P. EXPRESS, INC., and the truck/trailer owner and operator.

RESPONSE:

55.    All written notifications to R.S.P. EXPRESS, INC. of MARIAN DOROBANTU's convictions or suspensions for violating any state, local, and/or federal laws relating to motor vehicle traffic control.

RESPONSE:

56.    All documents pertaining to results of all drug or alcohol tests that were administered to MARIAN DOROBANTU after the accident made the basis of this lawsuit.

**RESPONSE:**

57.    Copies of all records of MARIAN DOROBANTU's alcohol test results with confirmed readings of 0.02 percent or greater, test, instrument calibration documentation and driver evaluation by a substance abuse professional and calendar year summaries for the last five years.

RESPONSE:

58.    All records related to the alcohol and drug collection processes and records of training for the last 2 years.

RESPONSE:

59.    All records of alcohol tests with less than 0.02 blood alcohol reading and negative drug tests.

RESPONSE:

60.    All copies of alcohol test forms, controlled substance chain of custody forms, documents related to the refusal of any driver to submit to testing, documents supplied by the driver to dispute test results and signed acknowledgements of required training documents.

RESPONSE:

61.     Copies of all educational materials explaining drug and alcohol testing regulations submitted to drivers.

RESPONSE:

62.     Copies of employer's own policies and procedures relating to alcohol and drug testing.

RESPONSE:

63.     Copies of the driver's signed receipt for the employer's policies and drug educational materials.

RESPONSE:

64.     A copy of all company manuals covering truck safety, maintenance, fleet safety programs and driver's standards.

RESPONSE:

65.     A copy of all records generated by on-board recording devices with which the truck was equipped at the time of the accident.

RESPONSE:

66.     A copy of all records generated through the use of the QUALCOMM OMNITRAX system with which the truck was equipped at the time of the accident.

RESPONSE:

67.     A copy of all records generated by the EATON VORAD collision avoidance system with which the truck was equipped at the time of the accident.

RESPONSE:

68.     A copy of all employee orientation training materials.

RESPONSE:

69.     A copy of R.S.P. EXPRESS, INC.'s hiring policies and procedures.

RESPONSE:

70.     A copy of all writings relating to disciplinary actions taken against MARIAN DOROBANTU.

RESPONSE:

71.   A copy of R.S.P. EXPRESS, INC.'s accident review procedures or rules to determine whether any accident is chargeable or non-chargeable, preventable or non-preventable.

RESPONSE:

72.   Copy of all disciplinary reports issued by R.S.P. EXPRESS, INC. to MARIAN DOROBANTU.

RESPONSE:

73.   A copy of all writings or printouts generated by an on-board recorder or other type of data recorder on the truck involved in the accident.

RESPONSE:

74.   Copies of all long form DOT physicals and medical qualification card in effect on the date of the accident made the basis of this lawsuit of MARIAN DOROBANTU.

RESPONSE:

75.   A copy of the notes, evaluations or observations concerning Defendants' qualifications and training made by any person who trained you.

RESPONSE:

76.   A copy of the resume or curriculum vitae of each person whom you have or will designate as a corporate representative.

RESPONSE:

77.   A copy of the resume or curriculum vitae for any person who is responsible for creating, writing, administering or enforcing your safety policies or risk management policies.

RESPONSE:

78.   A copy of all writings, e-mails, correspondence, and documents that were made and received by any person, other than your attorneys, regarding the accident made the basis of this suit.

RESPONSE:

79.   A copy of the curriculum vitae and report of any expert witness with whom you have consulted as a result of this lawsuit.

RESPONSE:

80.    A copy of any and all studies that you have concerning commercial vehicle accidents, driver fatigue, training, hours of service violations and risk management used by R.S.P. EXPRESS, INC.

RESPONSE:

81.    A copy of the compensation policy used by Defendant R.S.P. EXPRESS, INC. for drivers.

RESPONSE:

82.    A copy of any policy concerning the remuneration of employees for referring candidates for employment with your firm.

**RESPONSE:**

83.    An unredacted copy of the property damage adjuster's claim file and the bodily injury adjuster's claim file up to the date litigation was anticipated.

RESPONSE:

84.    An unredacted copy of the report from the Southwest Index Bureau a/k/a S.W.I.B. obtained on the Plaintiff that was requested by your insurance companies.

RESPONSE:

85.    Copies of all document relied upon by Defendant that support the affirmative defenses assertions.

**RESPONSE:**

86.    Copies of any documents you have obtained with the use of authorizations signed by the Plaintiff.

**RESPONSE:**

87.    Copies of all documents obtained by depositions upon written questions and/or subpoena through any third party pertaining to the Plaintiff.

RESPONSE:

88.    A copy of the results of all eye examinations performed on Defendant MARIAN DOROBANTU three years before the time of the accident to the time of trial.

RESPONSE:

89.     A copy of MARIAN DOROBANTU's criminal history ten (10) years prior to the accident in question occurred to the time of trial.

**RESPONSE:**

90.     Copies of all consulting experts' reports, documents that were reviewed and/or contributed to the mental impressions and/or opinions of designated experts.

**RESPONSE:**

"EXHIBIT A"

## PLAINTIFFS' INTERROGATORIES TO
## DEFENDANT R.S.P. EXPRESS, INC.

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiffs serve the attached interrogatories to be propounded to Defendant R.S.P. EXPRESS, INC.

You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within 50 (fifty) days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure. Plaintiff further demands that you supplement your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms **"you"** and **"your"** shall mean R.S.P. EXPRESS, INC., employees, representatives, attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of R.S.P. EXPRESS, INC., whether authorized to do so or not.

2.  As used herein, the term **"documents"** shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers; journals; balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including

books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.     **"Person"** or **"persons"** means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity. Any and all data or information that is in electronic or magnetic form should be produced in a reasonable manner.

4.     Unless otherwise specified, **"vehicle," "truck"** and **"tractor," "trailer"** and **"tractor trailer"** mean the motor vehicle operated by Defendant MARIAN DOROBANTU at the time of the collision made the basis of this suit.

5.     Unless otherwise specified, **"trailer"** means the vehicle that Defendant MARIAN DOROBANTU was driving at the time of the collision made the basis of this suit.

6.     **"Person"**:    The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

7.   "Identify" or "Identification":

    (a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    (b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    (c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        (i)    the title, heading, or caption, if any, of such document;

        (ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        (iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        (v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        (vii)    the physical location of the document and the name of its custodian or custodians.

8.   "Settlement": as used herein, means:

    (a)    an oral or written, disclosed or undisclosed agreement, bargain, contract,

settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiffs and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     any resolution of the differences between plaintiffs and defendant by loan to the plaintiffs or any other device that is repayable in whole or in part out of any judgment the plaintiffs may recover against defendant.

9.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## "EXHIBIT A"

### PLAINTIFFS' INTERROGATORIES
### TO DEFENDANT R.S.P. EXPRESS, INC.

1.    Please state the full name, job title, residence address, business address, and telephone number of each person that contributed answers to and answered these interrogatories.

**ANSWER:**

2.    Please the full name, residence address, business address, telephone number, and job title of the safety person responsible for safety training for R.S.P. EXPRESS, INC.

**ANSWER:**

3.    Please the full name, residence address, business address, telephone number, and job title of the risk manager for R.S.P. EXPRESS, INC.

**ANSWER:**

4.    Did R.S.P. EXPRESS, INC. file any documents with the Texas Secretary of State to be legally entitled to conduct business in the State of Texas?  If no, please state why not.  If yes, state the date that each document filed, the title of each document, and the response given by the Texas Secretary of State.

**ANSWER:**

5.    Please list all motor vehicle lawsuits that R.S.P. EXPRESS, INC. has been involved with either as a Plaintiff or Defendant in the last 10 years.  Please state the cause number, the county and state in which the lawsuit was filed, and the disposition of each lawsuit.

**ANSWER:**

6.    Does R.S.P. EXPRESS, INC. have a company manual that states the criteria for motor vehicle safety training, procedures, policies, drug/alcohol use and prohibition, disciplinary actions for non-compliance of company's policies?  If yes, state

**ANSWER:**

7.    State the facts that R.S.P. EXPRESS, INC. contend refute Plaintiff's assertions in her live petition.

**ANSWER:**

8.     State the facts that R.S.P. EXPRESS, INC. contend substantiate any defense and/or affirmative defenses alleged by R.S.P. EXPRESS, INC.

**ANSWER:**

9.     State every contention, affirmative defenses, or denial of liability asserted by Plaintiff on any claim made the basis of this suit.. Include in your answer the following:

    a.     All facts known to R.S.P. EXPRESS, INC. and all propositions of law that your attorney or anyone acting on your behalf which you contend support or corroborate each such denial;

    b.     The name, business and residential address, and telephone number of each person known to you who claimed to have any knowledge relating to each such denial of any claim; and

    c.     The name, business and residential addresses, and telephone numbers of the present custodian of any documents that support each said denial.

**ANSWER:**

10.    Please describe the company policy on discipline where an employee is found to have violated the company's safety, alcohol, and drug policies.

**ANSWER:**

11.    Please describe in full the compensation structure of R.S.P. EXPRESS, INC. including:

    (a)    The identity of the person or persons who established R.S.P. EXPRESS, INC.'s compensation structure, including their names, addresses, and their relationships to R.S.P. EXPRESS, INC., and Defendant Juan Chapa.

    (b)    The dates that the structure was established;

    (c)    Whether the structure is reviewed, updated, or amended including the date, substance, and effect of such a review, update, or amendment.

**ANSWER:**

12.    Please state what was the relationship between R.S.P. EXPRESS, INC. and MARIAN DOROBANTU, when the relationship began, how the relationship began, and the current status of the relationship.

**ANSWER:**

13.  Did you anticipate litigation? If yes, state when you anticipated litigation and state each reason that caused you to anticipate litigation.

**ANSWER:**

14.  Does R.S.P. EXPRESS, INC. provide worker's compensation coverage for its employees, including the drivers? If yes, please set the name, address, telephone number, and policy number of the worker's compensation insurance company.

**ANSWER:**

15.  Identify by name, address and telephone number all persons who have any knowledge, either directly or indirectly, of any facts of the basis for this lawsuit, including any witnesses to the incidents made the basis of this lawsuit, any witnesses and individuals who have knowledge of any damages alleged by any party.

**ANSWER:**

16.  Identify all individuals that you, not your attorney or attorney's representatives, have spoken to regarding this lawsuit.

**ANSWER:**

17.  If you have any knowledge, either directly or indirectly, of any admission of any kind of R.S.P. EXPRESS, INC., its agents, representatives, or employees which might be relevant in any way in this lawsuit, please state the nature of each such admission, identifying the person or persons who allegedly made such admission and all persons who heard or may have been in a position to hear such admission.

**ANSWER:**

18.  Identify and list each consulting expert whose opinions, work product, or impressions were reviewed and state the substance and grounds for the consulting expert's opinions or impressions.

**ANSWER:**

19.  Please identify by name, address and telephone number each person who you anticipate calling as a testifying expert in this lawsuit. With reference to each expert who has been identified, please state:

   (a)  The subject matter on which such expert may testify;

   (b)  The mental impressions and opinions held by such expert;

(c)     The facts known to the expert, regardless of when such factual information was acquired, which relate to or form the basis of the mental impressions and opinions held by each expert.

**ANSWER:**

20.     If, in response to any request for production served by Plaintiffs at any time, you have withheld any document from production on the ground of privilege, please identify each withheld document by stating the type of document (i.e., letter, memorandum, etc.), the date of the document, the author of the document, the addressee and all recipients of the documents, and the type of privilege being asserted with respect to the document.

**ANSWER:**

21.     Regarding the evidence you may present at trial, please identify each document or other exhibit, including summaries of other evidence, which you expect to offer as well as those which you may offer if the need arises.

**ANSWER:**

22.     Please describe all defenses claimed by defendant, including:

        a.      The substance of each such defense;

        b.      All facts which support each such defense.

**ANSWER:**

23.     As to any written or recorded statement, either orally or in writing, from any person, including parties related to the subject matter of this suit, please identify:

        a.      The date of such statement;

        b.      The person making such statement;

        c.      The substance of each such statement.

**ANSWER:**

24.     Please state whether any employees of R.S.P. EXPRESS, INC. have completed any training programs. If so, please:

        a.      Describe the nature of the programs that the employees completed;

        b.      Describe the employee's performance during the program;

c.      Explain whether the training program is formally described in writing including the location of any copy of such description.

**ANSWER:**

25.    Please state the position Defendant DOROBANTU has with R.S.P. EXPRESS, INC., including:

    (a)      The length of time MARIAN DOROBANTU has held the position;

    (b)      MARIAN DOROBANTU's compensation package;

    (c)      The duties and responsibilities of MARIAN DOROBANTU's position;

    (d)      The working conditions involved in MARIAN DOROBANTU's position.

**ANSWER:**

## VERIFICATION

STATE OF MICHIGAN            §
                            §
COUNTY OF _____    §

BEFORE     ME,     the     undersigned     authority     personally     appeared

_____ , who stated, upon oath, that the statements made in the foregoing

instrument are within his personal knowledge and are true and correct.

_____

**AFFIANT**

SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   on this, the _____ day of

_____ ; 2017.

_____

Notary Public, State of Michigan

MY COMMISSION EXPIRES:

_____

FILED
DALLAS COUNTY
9/18/2017 3:00 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   DC-17-12612   COURT *(FOR CLERK USE ONLY)*: _____

**ABEL DELGADO AND ROSA DELGADO vs. MARIAN DOROBANTU AND R.S.P. EXPRESS, INC.**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: **R. LANE ADDISON** <br> Email: rladdison@henleylawpc.com <br> Telephone: (214) 821-0222 <br><br> Address: **Henley & Henley, 2520 Fairmount St., #200** <br> Fax: (214) 821-0124 <br> State Bar No: 24059355 <br> City/State/Zip: **Dallas, Tx 75201** <br><br> Signature: | Plaintiff(s)/Petitioner(s): <br><br> ABEL DELGADO AND ROSA DELGADO <br><br> Defendant(s)/Respondent(s): <br><br> MARIAN DOROBANTU AND R.S.P. EXPRESS, INC. <br><br> [Attach additional page as necessary to list all parties] | X☐ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: _____ <br><br> Non-Custodial Parent: _____ <br><br> Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐Consumer/DTPA <br> ☐Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br><br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☐Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br> ☐Accounting <br> ☐Legal <br> ☐Medical <br> ☐Other Professional Liability: <br><br> X☐Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br> ☐Asbestos/Silica <br> ☐Other Product Liability List Product: <br><br> ☐Other Injury or Damage: | ☐Eminent Domain/ Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: <br><br> **Related to Criminal Matters** <br> ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— Pre-indictment <br> ☐Other: | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br> ☐With Children <br> ☐No Children <br><br> **Other Family Law** <br> ☐Enforce Foreign Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities of Minority <br> ☐Other: | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other <br> **Title IV-D** <br> ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order <br><br> **Parent-Child Relationship** <br> ☐Adoption/Adoption with Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Parentage/Paternity <br> ☐Termination of Parental Rights <br> ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: | ☐Administrative Appeal <br> ☐Antitrust/Unfair Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
X☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

FORM NO. 353-4—CITATION THE STATE OF TEXAS

ESERVE (SOS)

**CITATION**

No.: **DC-17-12612**

ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

ISSUED
**ON THIS THE 20TH DAY OF
SEPTEMBER, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **TERESA JONES**, Deputy

Attorney for : Plaintiff
**ROBERT L. ADDISON
HENLEY & HENLEY PC
2520 FAIRMOUNT ST
DALLAS TX 75201
214-821-0222**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

To:  **R.S.P. EXPRESS, INC
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711-2079**

**C/O REGISTERED AGENT MARIAN POP,
28169 VAN BORN RD, ROMULUS, MICHIGAN 48174**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and **ORIGINAL** petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **68th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **ABEL DELGADO; ROSA DELGADO**

Filed in said Court 18th day of September, 2017 against
**MARIAN DOROBANTU; R.S.P. EXPRESS, INC**

For suit, said suit being numbered  **DC-17-12612**  the nature of which demand is as follows:
Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition REQUEST FOR DISCLOSURE, INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION, a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 20th day of September, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
/s/ Teresa Jones
**TERESA JONES**

Cause No. DC-17-12612

Court No: 68th District Court

Style: ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

## OFFICER'S RETURN
## FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

-----------000000-----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____ M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock _____ M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

-----------000000-----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:

For Serving Citation $_____     Sheriff _____
For Mileage $_____              County of _____
For Notary $_____               State of _____
Total Fees $_____               By _____

To certify which witness by my hand.

(Must be verified if served outside the State of Texas)

State of _____
County of _____

Signed and sworn to me by the said _____ before me this _____ day of _____, 20____, to certify which witness my hand and seal of office.

Seal

State & County of _____

FORM NO. 353-4—CITATION THE STATE OF TEXAS

ESERVE (SOS)

**CITATION**

No.: **DC-17-12612**

ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

ISSUED
**ON THIS THE 20TH DAY OF
SEPTEMBER, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **TERESA JONES**, Deputy

Attorney for : Plaintiff
**ROBERT L. ADDISON
HENLEY & HENLEY PC
2520 FAIRMOUNT ST
DALLAS TX 75201
214-821-0222**



**DALLAS COUNTY
SERVICE FEES
NOT PAID**

To:  **MARIAN DOROBANTU
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711-2079**

**36323 HAVERHILL ST, STERLING HEIGHTS, MICHIGAN 48312**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **68th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **ABEL DELGADO; ROSA DELGADO**

Filed in said Court 18th day of September, 2017 against
**MARIAN DOROBANTU; R.S.P. EXPRESS, INC**

For suit, said suit being numbered **DC-17-12612** the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition REQUEST FOR DISCLOSURE, INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 20th day of September, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
            /s/ Teresa Jones
                **TERESA JONES**



**FORM NO. 353-4—CITATION THE STATE OF TEXAS**

**ESERVE (SOS)**

**CITATION**

No.: **DC-17-12612**

ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

ISSUED
**ON THIS THE 20TH DAY OF SEPTEMBER, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **TERESA JONES**, Deputy

Attorney for : Plaintiff
**ROBERT L. ADDISON
HENLEY & HENLEY PC
2520 FAIRMOUNT ST
DALLAS TX 75201
214-821-0222**

DALLAS COUNTY
SERVICE FEES
NOT PAID

**To:**   **R.S.P. EXPRESS, INC
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711-2079**

**C/O REGISTERED AGENT MARIAN POP,
28169 VAN BORN RD, ROMULUS, MICHIGAN 48174**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **68th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **ABEL DELGADO; ROSA DELGADO**

Filed in said Court 18th day of September, 2017 against
**MARIAN DOROBANTU; R.S.P. EXPRESS, INC**

For suit, said suit being numbered  **DC-17-12612**  the nature of which demand is as follows:
Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition REQUEST FOR DISCLOSURE, INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 20th day of September, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
/s/ Teresa Jones
**TERESA JONES**

Cause No. DC-17-12612

Court No: 68th District Court

Style: ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

## OFFICER'S RETURN FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20___ at _____ o'clock. Executed at _____, within the County of _____, on the _____ day of _____, 20___, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

--------000000--------

## OFFICER'S RETURN FOR CORPORATIONS

Received this Citation the _____ day of _____, 20___ at _____ o'clock ___.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20___, at _____ o'clock _____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

--------000000--------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

For Serving Citation   $ _____     _____ Sheriff
For Mileage   $ _____     County of _____
For Notary   $ _____     State of _____
Total Fees   $ _____     By _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____
day of _____, 20___, to certify which witness my hand and seal of office.

Seal

State & County of _____

FORM NO. 353-4—CITATION THE STATE OF TEXAS

**To:** **MARIAN DOROBANTU**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079**
**AUSTIN, TX, 78711-2079**

**36323 HAVERHILL ST, STERLING HEIGHTS, MICHIGAN 48312**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **68th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **ABEL DELGADO; ROSA DELGADO**

Filed in said Court 18th day of September, 2017 against
**MARIAN DOROBANTU; R.S.P. EXPRESS, INC**

For suit, said suit being numbered **DC-17-12612**  the nature of which demand is as follows:
Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition REQUEST FOR DISCLOSURE, INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 20th day of September, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
　　　　　　　/s/ Teresa Jones
　　　　　　**TERESA JONES**

---

ESERVE (SOS)

CITATION

No.: **DC-17-12612**

ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

ISSUED
**ON THIS THE 20TH DAY OF SEPTEMBER, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **TERESA JONES**, Deputy

Attorney for : Plaintiff
**ROBERT L. ADDISON**
**HENLEY & HENLEY PC**
**2520 FAIRMOUNT ST**
**DALLAS TX  75201**
**214-821-0222**

DALLAS COUNTY
SERVICE FEES
NOT PAID



Cause No. DC-17-12612

Court No: 68th District Court

Style: ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

## OFFICER'S RETURN FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20____ at_____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

-----000000-----

## OFFICER'S RETURN FOR CORPORATIONS

Received this Citation the _____ day of _____, 20____ at_____ o'clock ____M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

-----000000-----

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:

For Serving Citation $ _____   Sheriff
For Mileage $ _____   County of _____
For Notary $ _____   State of _____
Total Fees $ _____   By _____

To certify which witness by my hand.

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____
day of _____, 20____, to certify which witness my hand and seal of office.

Seal

State & County of _____

Cause No. DC-17-12612

Court No: 68th District Court

Style: ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

## OFFICER'S RETURN
## FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20 _____, at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 _____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20 _____, at _____ o'clock _____ .M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 _____, at _____ o'clock _____ .M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $ _____ | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____
day of _____, 20 _____, to certify which witness my hand and seal of office.

Seal

State & County of _____

FORM NO. 353-4—CITATION THE STATE OF TEXAS

**CITATION**

No.: **DC-17-12612**

ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

ISSUED
**ON THIS THE 20TH DAY OF SEPTEMBER, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **TERESA JONES**, Deputy

Attorney for : Plaintiff
**ROBERT L. ADDISON
HENLEY & HENLEY PC
2520 FAIRMOUNT ST
DALLAS TX 75201
214-821-0222**

**ESERVE (SOS)**



**DALLAS COUNTY
SERVICE FEES
NOT PAID**

To:     **MARIAN DOROBANTU
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711-2079**

**C/O R.SP EXPRESS IN, 28169 VAN BORN ROAD, ROMULUS, MICHIGAN 48174**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **68th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **ABEL DELGADO; ROSA DELGADO**

Filed in said Court 18th day of September, 2017 against
**MARIAN DOROBANTU; R.SP. EXPRESS, INC**

For suit, said suit being numbered  **DC-17-12612**  the nature of which demand is as follows:
Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition REQUEST FOR DISCLOSURE, INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 20th day of September, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
               /s/ Teresa Jones
               **TERESA JONES**

Cause No. DC-17-12612

Court No: 68th District Court

Style: ABEL DELGADO, et al
vs.
MARIAN DOROBANTU, et al

## OFFICER'S RETURN
## FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock _____M. by summoning the within named Corporation, _____ by delivering to _____

President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

| For Serving Citation | $ _____ | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

(Must be verified if served outside the State of Texas)

State of _____
County of _____

Signed and sworn to me by the said _____ before me this _____ day of _____, 20____, to certify which witness my hand and seal of office.

Seal

State & County of _____

FILED
DALLAS COUNTY
10/2/2017 11:43 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03025-D   Document 1-1   Filed 11/01/17   Page 60 of 102   PageID 64

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS MEDICAL RECORDS AFFIDAVIT

STATE OF _Texas_          §
COUNTY OF _Tarrant_          §
                            §

BEFORE ME, the undersigned authority, on this day personally appeared _Lori Burns_

who swore on oath that the following facts are true:

"My name is _Lori Burns_ I am of sound mind, capable of making this affidavit, and

personally acquainted with the facts herein stated.

"I am the custodian of the records of **Texas MDDX**. Attached hereto are ___4___ pages of

records of **Rosa Delgado** from **Texas MDDX**. These records are kept by **Texas MDDX** in the

regular course of business, and it was the regular course of business of **Texas MDDX** for an

employee, agent, or representative of **Texas MDDX** with knowledge of the act, event, condition,

opinion, or diagnosis recorded to make the record or to transmit information thereof to be included

in the record, and the record was made at or near the time or reasonably soon thereafter.

The records attached hereto are the originals or exact duplicates of the original."

_Lori Burns_
**SIGNATURE OF CUSTODIAN**

SWORN TO and SUBSCRIBED before me on this the *28* day of _*Sept*_, 2017.

NOTARY PUBLIC IN THE STATE
OF TEXAS

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

MY COMMISSION EXPIRES:

_9/20/19_

FILED
DALLAS COUNTY
10/2/2017 11:56 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO.  DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

STATE OF _Texas_ §

COUNTY OF _Tarrant_ §
§

BEFORE ME, the undersigned authority, personally appeared _Lori Burns_

_____, who being by me duly sworn, deposed as follows:

My name is _Lori Burns_, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Henry Horrilleno, MD** Attached to this affidavit are billing records that provides an itemized statement of service and the charge for the services that **Henry Horrilleno, MD** provided to **Rosa Delgado**. The attached billing records are a part of this affidavit.

The __1__ number of pages attached hereto is kept by **Henry Horrilleno, MD** in the regular course of business, and it was the regular course of business of **Henry Horrilleno, MD** for an employee or representative of **Henry Horrilleno, MD,** with knowledge of the act, event, condition, opinion, or evaluation recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon

thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Rosa Delgado** was $ _506.00_ . The total amount paid for the services was $ _0_ and the amount currently unpaid but which **Henry Horrilleno, MD** has a right to be paid after any adjustments or credit is $ _506.00_ .

_____
**SIGNATURE OF CUSTODIAN**

SWORN TO and SUBSCRIBED before me on this the _28_ day of _Sept_ , 2017.

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

_____
**NOTARY PUBLIC IN THE STATE
OF TEXAS**

**MY COMMISSION EXPIRES:**

_9/20/19_

FILED
DALLAS COUNTY
10/2/2017 12:00 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

STATE OF *Texas* §

COUNTY OF *Tarrant* §
§

BEFORE ME, the undersigned authority, personally appeared *Lori Burns*

_____, who being by me duly sworn, deposed as follows:

My name is *Lori Burns*, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Injury Treatment Centers of Texas** Attached to this affidavit are billing records that provides an itemized statement of service and the charge for the services that **Injury Treatment Centers of Texas** provided to **Rosa Delgado**. The attached billing records are a part of this affidavit.

The *5* number of pages attached hereto is kept by **Injury Treatment Centers of Texas** in the regular course of business, and it was the regular course of business of **Injury Treatment Centers of Texas** for an employee or representative of **Injury Treatment Centers of Texas**, with knowledge of the act, event, condition, opinion, or evaluation recorded to make the record or to transmit information thereof to be included in such record; and the record was made

at or near the time or reasonably soon thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Rosa Delgado** was $ _6,306.40_ . The total amount paid for the services was $ _0_ and the amount currently unpaid but which **Injury Treatment Centers of Texas** has a right to be paid after any adjustments or credit is $ _6,306.40_.

_____
**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the _28_ day of _Sept_ , 2017.

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

_____
**NOTARY PUBLIC IN THE STATE OF TEXAS**

**MY COMMISSION EXPIRES:**

_9/20/19_
_____

FILED
DALLAS COUNTY
10/2/2017 11:51 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03025-D   Document 1-1   Filed 11/01/17   Page 66 of 102   PageID 70

CAUSE NO.  DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS MEDICAL RECORDS AFFIDAVIT

STATE OF _Texas_ §
§
COUNTY OF _TARRANt_ §

BEFORE ME, the undersigned authority, on this day personally appeared _Lori Burns_ who swore on oath that the following facts are true:

"My name is _Lori Burns_. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

"I am the custodian of the records of **Injury Treatment Centers of Texas**.  Attached hereto are _102_ pages of records of **Rosa Delgado** from **Injury Treatment Centers of Texas**. These records are kept by **Injury Treatment Centers of Texas** in the regular course of business, and it was the regular course of business of **Injury Treatment Centers of Texas** for an employee, agent, or representative of **Injury Treatment Centers of Texas** with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in the record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the originals or exact duplicates of the original."

_____
**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the _____ day of

_____, 2017.

_____
**NOTARY PUBLIC IN THE STATE
OF TEXAS**

MY COMMISSION EXPIRES:

_9/20/19_____

FILED
DALLAS COUNTY
10/2/2017 11:48 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03025-D   Document 1-1   Filed 11/01/17   Page 68 of 102   PageID 72

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS MEDICAL RECORDS AFFIDAVIT

STATE OF _Texas_ §

COUNTY OF _Tarrant_ §

BEFORE ME, the undersigned authority, on this day personally appeared _Lori Burns,_

who swore on oath that the following facts are true:

"My name is _Lori Burns_. I am of sound mind, capable of making this affidavit, and

personally acquainted with the facts herein stated.

"I am the custodian of the records of **Henry Horrilleno, MD.** Attached hereto are _2_

pages of records of **Rosa Delgado** from **Henry Horrilleno, MD**. These records are kept by **Henry**

**Horrilleno, MD** in the regular course of business, and it was the regular course of business of

**Henry Horrilleno, MD** for an employee, agent, or representative of **Henry Horrilleno, MD** with

knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to

transmit information thereof to be included in the record, and the record was made at or near the

time or reasonably soon thereafter.

The records attached hereto are the originals or exact duplicates of the original."

_____
SIGNATURE OF CUSTODIAN

SWORN TO and SUBSCRIBED before me on this the 28 day of

Sept _____, 2017.

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

_____
NOTARY PUBLIC IN THE STATE
OF TEXAS

MY COMMISSION EXPIRES:

9/20/19
_____

FILED
DALLAS COUNTY
10/2/2017 11:45 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

**STATE OF** _Texas_ §
§
**COUNTY OF** _Tarrant_ §

BEFORE ME, the undersigned authority, personally appeared _Lori Burns_

_____, who being by me duly sworn, deposed as follows:

My name is _Lori Burns_ , I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Texas MDDX** Attached to this affidavit are billing records that provides an itemized statement of service and the charge for the services that **Texas MDDX** provided to **Rosa Delgado**. The attached billing records are a part of this affidavit.

The _1_ number of pages attached hereto is kept by **Texas MDDX** in the regular course of business, and it was the regular course of business of **Texas MDDX** for an employee or representative of **Texas MDDX**, with knowledge of the act, event, condition, opinion, or evaluation recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Rosa Delgado** was $ _635.60_ . The total amount paid for the services was $ _0_ and the amount currently unpaid but which **Texas MDDX** has a right to be paid after any adjustments or credit is $ _635.60_ .

_[signature]_
SIGNATURE OF CUSTODIAN

**SWORN TO and SUBSCRIBED** before me on this the _28_ day of _Sept_ , 2017.

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

_[signature]_
NOTARY PUBLIC IN THE STATE OF TEXAS

MY COMMISSION EXPIRES:

_9/20/19_

FILED
DALLAS COUNTY
10/5/2017 2:21 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS MEDICAL RECORDS AFFIDAVIT

STATE OF __*Texas*__          §
                                          §
COUNTY OF __*Tarrant*__    §

BEFORE ME, the undersigned authority, on this day personally appeared *Lori Burns*

who swore on oath that the following facts are true:

"My name is *Lori Burns* I am of sound mind, capable of making this affidavit, and

personally acquainted with the facts herein stated.

"I am the custodian of the records of **Texas MDDX**. Attached hereto are ___4___ pages of

records of **Rosa Delgado** from **Texas MDDX**. These records are kept by **Texas MDDX** in the

regular course of business, and it was the regular course of business of **Texas MDDX** for an

employee, agent, or representative of **Texas MDDX** with knowledge of the act, event, condition,

opinion, or diagnosis recorded to make the record or to transmit information thereof to be included

in the record, and the record was made at or near the time or reasonably soon thereafter.

The records attached hereto are the originals or exact duplicates of the original."

_____*Lori Burns*_____
**SIGNATURE OF CUSTODIAN**

SWORN TO and SUBSCRIBED before me on this the *28* day of
*Sept*_____, 2017.

*Debra H Hendrix*
_____
**NOTARY PUBLIC IN THE STATE**
**OF TEXAS**

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

**MY COMMISSION EXPIRES:**

*9/20/19*
_____

FILED
DALLAS COUNTY
10/13/2017 11:09 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO.  DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS MEDICAL RECORDS AFFIDAVIT

STATE OF _Texas_ §

COUNTY OF _Tarrant_ §
§

BEFORE ME, the undersigned authority, on this day personally appeared _Lori Burns,_

who swore on oath that the following facts are true:

"My name is _Lori Burns_ I am of sound mind, capable of making this affidavit, and

personally acquainted with the facts herein stated.

"I am the custodian of the records of **Injury Treatment Centers of Texas**.  Attached

hereto are _94_ pages of records of **Abel Delgado** from **Injury Treatment Centers of Texas**.

These records are kept by **Injury Treatment Centers of Texas** in the regular course of business,

and it was the regular course of business of **Injury Treatment Centers of Texas** for an employee,

agent, or representative of **Injury Treatment Centers of Texas** with knowledge of the act, event,

condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to

be included in the record, and the record was made at or near the time or reasonably soon thereafter.

The records attached hereto are the originals or exact duplicates of the original."

_____
**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the 28 day of _____, 2017.

_____
**NOTARY PUBLIC IN THE STATE**
**OF TEXAS**

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

**MY COMMISSION EXPIRES:**

_____

FILED
DALLAS COUNTY
10/13/2017 11:11 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

**STATE OF** Texas §
§
**COUNTY OF** Dallas §

**BEFORE ME,** the undersigned authority, personally appeared Stephanie McMahan who being by me duly sworn, deposed as follows:

My name is Stephanie McMahan, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Comprehensive Spine Center** Attached to this affidavit are billing records that provides an itemized statement of service and the charge for the services that **Comprehensive Spine Center** provided to **Rosa Delgado**. The attached billing records are a part of this affidavit.

The 20 number of pages attached hereto is kept by **Comprehensive Spine Center** in the regular course of business, and it was the regular course of business of **Comprehensive Spine Center** for an employee or representative of **Comprehensive Spine Center**, with knowledge of the act, event, condition, opinion, or evaluation recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the

time or reasonably soon thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Rosa Delgado** was $ _53,645.00_ . The total amount paid for the services was $ _0.00_ and the amount currently unpaid but which **Comprehensive Spine Center** has a right to be paid after any adjustments or credit is $ _53,645.00_

_____
SIGNATURE OF CUSTODIAN

**SWORN TO and SUBSCRIBED** before me on this the _____ day of _September_ , 2017.

_____
NOTARY PUBLIC IN THE STATE OF TEXAS

MY COMMISSION EXPIRES:

_August 12, 2018_

CYNTHIA ANN MILLER
Notary Public, State of Texas
Comm. Expires 08-12-2018
Notary ID 129917321

FILED
DALLAS COUNTY
10/13/2017 11:13 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03025-D   Document 1-1   Filed 11/01/17   Page 78 of 102   PageID 82

CAUSE NO.  DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

STATE OF _Texas_             §
                             §
COUNTY OF _Dallas_           §

BEFORE ME, the undersigned authority, personally appeared _Sandra Webb_

_____, who being by me duly sworn, deposed as follows:

My name is _Sandra Webb_ , I am of sound mind, capable of making this

affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Mid-Cities Imaging** Attached to this affidavit are

billing records that provides an itemized statement of service and the charge for the services that

**Mid-Cities Imaging** provided to **Rosa Delgado**.  The attached billing records are a part of this

affidavit.

The _2_ number of pages attached hereto is kept by **Mid-Cities Imaging** in the

regular course of business, and it was the regular course of business of **Mid-Cities Imaging** for an

employee or representative of **Mid-Cities Imaging,** with knowledge of the act, event, condition,

opinion, or evaluation recorded to make the record or to transmit information thereof to be included

in such record; and the record was made at or near the time or reasonably soon thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Rosa Delgado** was $ 2,195.00 . The total amount paid for the services was $ 0 and the amount currently unpaid but which **Mid-Cities Imaging** has a right to be paid after ~~any adj~~ustments or credit is $ 2,195.00

_____
**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the 2 day of October , 2017.


**NOTARY PUBLIC IN THE STATE OF TEXAS**

**MY COMMISSION EXPIRES:**

8-17-2020

PATRICK MCDADE
Notary Public, State of Texas
Comm. Expires 08-17-2020
Notary ID 130782626

FILED
DALLAS COUNTY
10/13/2017 11:16 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

STATE OF _Texas_                    §
                                    §
COUNTY OF _Tarrant_                 §

BEFORE ME, the undersigned authority, personally appeared _Lori Burns_

_____, who being by me duly sworn, deposed as follows:

My name is _Lori Burns_, I am of sound mind, capable of making this

affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Injury Treatment Centers of Texas** Attached to this

affidavit are billing records that provides an itemized statement of service and the charge for the

services that **Injury Treatment Centers of Texas** provided to **Abel Delgado**. The attached billing

records are a part of this affidavit.

The __4__ number of pages attached hereto is kept by **Injury Treatment Centers of

Texas** in the regular course of business, and it was the regular course of business of **Injury

Treatment Centers of Texas** for an employee or representative of **Injury Treatment Centers of

Texas**, with knowledge of the act, event, condition, opinion, or evaluation recorded to make the

record or to transmit information thereof to be included in such record; and the record was made

at or near the time or reasonably soon thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Abel Delgado** was $ _5,200.10_ . The total amount paid for the services was $ _0_ and the amount currently unpaid but which **Injury Treatment Centers of Texas** has a right to be paid after any adjustments or credit is $ _5,200.10_ .

_____
**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the _28_ day of _Sept_ , 2017.

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

_____
**NOTARY PUBLIC IN THE STATE OF TEXAS**

**MY COMMISSION EXPIRES:**

_9/20/19_

FILED
DALLAS COUNTY
10/13/2017 11:14 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03025-D   Document 1-1   Filed 11/01/17   Page 82 of 102   PageID 86

CAUSE NO.  DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## **BUSINESS MEDICAL RECORDS AFFIDAVIT**

STATE OF _Texas_                    §
COUNTY OF _Dallas_              §
                                                   §

BEFORE ME, the undersigned authority, on this day personally appeared _Sandra Webb_

who swore on oath that the following facts are true:

"My name is _Sandra Webb_. I am of sound mind, capable of making this affidavit, and

personally acquainted with the facts herein stated.

"I am the custodian of the records of **Mid-Cities Imaging**.  Attached hereto are _8_

pages of records of **Rosa Delgado** from **Mid-Cities Imaging**. These records are kept by **Mid-Cities Imaging** in the regular course of business, and it was the regular course of business of **Mid-Cities Imaging** for an employee, agent, or representative of **Mid-Cities Imaging** with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in the record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the originals or exact duplicates of the original."

**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the ___2___ day of ___October___, 2017.

**NOTARY PUBLIC IN THE STATE OF TEXAS**

**MY COMMISSION EXPIRES:**

_____8-17-2020_____

```
PATRICK MCDADE
Notary Public, State of Texas
Comm. Expires 08-17-2020
Notary ID 130782526
```

FILED
DALLAS COUNTY
10/13/2017 11:19 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03025-D   Document 1-1   Filed 11/01/17   Page 84 of 102   PageID 88

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

**STATE OF** *Texas*                      §

**COUNTY OF** *Tarrant*              §
                                                     §

**BEFORE ME**, the undersigned authority, personally appeared *Lori Burns*

_____, who being by me duly sworn, deposed as follows:

My name is *Lori Burns*, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Texas MDDX** Attached to this affidavit are billing records that provides an itemized statement of service and the charge for the services that **Texas MDDX** provided to **Abel Delgado**. The attached billing records are a part of this affidavit.

The ____/____ number of pages attached hereto is kept by **Texas MDDX** in the regular course of business, and it was the regular course of business of **Texas MDDX** for an employee or representative of **Texas MDDX**, with knowledge of the act, event, condition, opinion, or evaluation recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Abel Delgado** was $ _1,005.90_ . The total amount paid for the services was $ _0_ and the amount currently unpaid but which **Texas MDDX** has a right to be paid after any adjustments or credit is $ _1,005.90_ .

_Teri Burns_
**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the _28_ day of _Sept_ , 2017.

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

_Debra H Hendrix_
**NOTARY PUBLIC IN THE STATE OF TEXAS**

**MY COMMISSION EXPIRES:**
_9/20/19_

FILED
DALLAS COUNTY
10/13/2017 11:22 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS BILLING RECORDS AFFIDAVIT

| | |
|---|---|
| STATE OF _Texas_ | § |
| | § |
| COUNTY OF _Tarrant_ | § |

**BEFORE ME,** the undersigned authority, personally appeared _Lori Burns_ _____, who being by me duly sworn, deposed as follows:

My name is _Lori Burns_, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of **Henry Horrilleno, MD** Attached to this affidavit are billing records that provides an itemized statement of service and the charge for the services that **Henry Horrilleno, MD** provided to **Abel Delgado.** The attached billing records are a part of this affidavit.

The ___/___ number of pages attached hereto is kept by **Henry Horrilleno, MD** in the regular course of business, and it was the regular course of business of **Henry Horrilleno, MD** for an employee or representative of **Henry Horrilleno, MD,** with knowledge of the act, event, condition, opinion, or evaluation recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon

thereafter. These records attached hereto are the original documents or exact duplicates of the original documents.

The services provided were reasonable and necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount of services provided to **Abel Delgado** was $ _*506.00*_ . The total amount paid for the services was $ _*0*_ and the amount currently unpaid but which **Henry Horrilleno, MD** has a right to be paid after any adjustments or credit is $ _*506.00*_ .

_____
**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the _*28*_ day of _*Sept*_ , 2017.

[Notary seal: DEBRA H. HENDRIX / MY COMMISSION EXPIRES / September 20, 2019]

_____
**NOTARY PUBLIC IN THE STATE OF TEXAS**

**MY COMMISSION EXPIRES:**

_*9/20/19*_

FILED
DALLAS COUNTY
10/13/2017 11:21 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO.  DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## <u>BUSINESS MEDICAL RECORDS AFFIDAVIT</u>

| | |
|---|---|
| STATE OF _Texas_ | § |
| COUNTY OF _Tarrant_ | § |

BEFORE ME, the undersigned authority, on this day personally appeared _Lori Burns_ who swore on oath that the following facts are true:

"My name is _Lori Burns_. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

"I am the custodian of the records of **Texas MDDX.** Attached hereto are ___6___ pages of records of **Abel Delgado** from **Texas MDDX**. These records are kept by **Texas MDDX** in the regular course of business, and it was the regular course of business of **Texas MDDX** for an employee, agent, or representative of **Texas MDDX** with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in the record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the originals or exact duplicates of the original."

_____
**SIGNATURE OF CUSTODIAN**

**BUSINESS MEDICAL RECORDS AFFIDAVIT OF Texas MDDX -**                    **PAGE 1**

**SWORN TO and SUBSCRIBED** before me on this the _28_ day of

_Sept_ , 2017.

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

**NOTARY PUBLIC IN THE STATE OF TEXAS**

**MY COMMISSION EXPIRES:**

_9/20/19_

FILED
DALLAS COUNTY
10/13/2017 11:24 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS MEDICAL RECORDS AFFIDAVIT

STATE OF _Texas_        §
COUNTY OF _Tarrant_     §
                        §

BEFORE ME, the undersigned authority, on this day personally appeared _Lori Burns_

who swore on oath that the following facts are true:

"My name is _Lori Burns_. I am of sound mind, capable of making this affidavit, and

personally acquainted with the facts herein stated.

"I am the custodian of the records of **Henry Horrilleno, MD**. Attached hereto are _2_

pages of records of **Abel Delgado** from **Henry Horrilleno, MD**. These records are kept by **Henry**

**Horrilleno, MD** in the regular course of business, and it was the regular course of business of

**Henry Horrilleno, MD** for an employee, agent, or representative of **Henry Horrilleno, MD** with

knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to

transmit information thereof to be included in the record, and the record was made at or near the

time or reasonably soon thereafter.

The records attached hereto are the originals or exact duplicates of the original."

**BUSINESS MEDICAL RECORDS AFFIDAVIT OF Henry Horrilleno, MD -**                    **PAGE 1**

**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the 28 day of Sept, 2017.

**NOTARY PUBLIC IN THE STATE OF TEXAS**

DEBRA H. HENDRIX
MY COMMISSION EXPIRES
September 20, 2019

**MY COMMISSION EXPIRES:**

9/20/19

BUSINESS MEDICAL RECORDS AFFIDAVIT OF **Henry Horrilleno, MD** -                    PAGE 2

FILED
DALLAS COUNTY
10/13/2017 11:07 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO.  DC-17-12612-C

| | | |
|---|---|---|
| ABEL DELGADO, ROSA DELGADO | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RSP EXPRESS, INC. AND | § | |
| MARIAN DOROBANTU, | § | |
| | § | |
| Defendants. | § | 68TH DISTRICT COURT |

## BUSINESS MEDICAL RECORDS AFFIDAVIT

**STATE OF** _Texas_      §
                         §
**COUNTY OF** _Dallas_    §

BEFORE ME, the undersigned authority, on this day personally appeared _Stephanie McMahon_ who swore on oath that the following facts are true:

"My name is _Stephanie McMahon_ I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

"I am the custodian of the records of **Comprehensive Spine Center.** Attached hereto are _107_ pages of records of **Rosa Delgado** from **Comprehensive Spine Center.** These records are kept by **Comprehensive Spine Center** in the regular course of business, and it was the regular course of business of **Comprehensive Spine Center** for an employee, agent, or representative of **Comprehensive Spine Center** with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in the record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the originals or exact duplicates of the original."

**SIGNATURE OF CUSTODIAN**

**SWORN TO and SUBSCRIBED** before me on this the _____ day of
_September_, 2017.

**NOTARY PUBLIC IN THE STATE
OF TEXAS**

**MY COMMISSION EXPIRES:**
_August 12, 2018_

CYNTHIA ANN MILLER
Notary Public, State of Texas
Comm. Expires 08-12-2018
Notary ID 129917321

FILED
DALLAS COUNTY
10/19/2017 8:36 AM
FELICIA PITRE
DISTRICT CLERK

# The State of Texas
## Secretary of State

2018-283871-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation, Plaintiffs' Original Petition with Request for Disclosure, Interrogatories, and First Request for Production to Defendants in the cause styled:

    Abel Delgado, et al VS Marian Dorobantu, et al
    68th Judicial District Court Of Dallas County, Texas
    Cause No: DC1712612

was received by this office on September 25, 2017, and that a copy was forwarded on September 27, 2017, by CERTIFIED MAIL, return receipt requested to:

    Marian Dorobantu
    36323 Haverhill Street
    Sterling Heights, MI 48312

The RETURN RECEIPT was received in this office dated October 3, 2017, According to the USPS.Com Track & Confirm, the item was delivered.



Date issued: October 13, 2017

Rolando B. Pablos
Secretary of State

GF/mr

FILED
DALLAS COUNTY
10/20/2017 3:11 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03025-D   Document 1-1   Filed 11/01/17   Page 95 of 102   PageID 99

CAR.8977

## CAUSE NO. DC-17-12612

| | | |
|---|---|---|
| **ABEL DELGADO and ROSA DELGADO** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | **68TH JUDICIAL DISTRICT** |
| | § | |
| **MARIAN DOROBANTU and R.S.P. EXPRESS, INC.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS MARIAN DOROBANTU AND R.S.P. EXPRESS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MARIAN DOROBANTU and R.S.P. EXPRESS, INC.**, Defendants named in the above entitled and numbered cause, and files this their Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendants deny each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof.

### II.

### SECTION 18.091

Defendants invoke Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendants further request the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

### III.

### SECTION 41. 0105

Defendants invoke Section 41.0105 of the Texas Civil Practice and Remedies Code.  To the extent Plaintiffs seek recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs.  Defendants further request the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

### IV.

### AFFIRMATIVE DEFENSES

### PAID V. INCURRED

Defendants also assert that they are entitled to a reduction in any award for medical expenses to the extent that same is not actually paid or incurred.  Defendants are further entitled to a reduction as to any damage award for the full sum of any settlement as an offset to Plaintiffs' recovery.

### COMPARTIVE NEGLIGENCE

Defendants would further show the Court that in the unlikely event that fault or negligence be found against, which is not admitted but specifically denied, that its causative fault or negligence should be compared with the comparative fault or causative negligence of all other parties hereto and third parties or entities not parties hereto which were negligent or at fault in the matter.

### VI.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **MARIAN DOROBANTU and R.S.P. EXPRESS, INC.** pray that the Plaintiff take nothing by this suit, that Defendants go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show theirself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

*/s/ Michael P. Sharp*
_____

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**TANNER A. WILSON**
State Bar No. 24080715
twilson@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel:  972-980-3255
Fax:  972-934-9200

**ATTORNEYS FOR DEFENDANTS**
**MARIAN DOROBANTU  AND**
**R.S.P. EXPRESS, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record in this cause of action on the 20th day of October, 2017.

*Via efile.txcourts.gov*
R. Lane Addison
Geoff J. Henley
Henley & Henley, PC
2520 Fairmount St., Suite 200
Dallas, TX  75201
Email:  rladdison@henleylawpc.com
Email:  ghenleyb@henleylawpc.com

*/s/ Michael P. Sharp*

_____
**MICHAEL P. SHARP**

DC-17-12612

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| ABEL DELGADO, et al | § | |
| vs. | § | |
| MARIAN DOROBANTU, et al | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | 68TH DISTRICT COURT |

## MEDIATION ORDER

Unless, within 14 days of the date of this Order, the parties file and bring to the attention of the Court Coordinator a Joint Notice of Agreed Upon Substitute Mediator *or* a Joint Motion Requesting Appointment of Mediator Pursuant to Civil Practice & Remedies Code § 37.004 (revised and effective September 1, 2015), the parties agree to mediate this case with **BRENDA DAMUTH @ Work: 214-528-1411** .Any Joint Motion Requesting Appointment of Mediator should include a brief description of the nature of the dispute, and any novel legal, language, demographic, or other issues the parties desire to have the Court consider in appointing a mediator. The provisions contained herein regarding mediation will be strictly enforced. Parties violating the requirements of this Order will be required to show cause as to why they are in violation of same.

**BRENDA DAMUTH** is appointed mediator in the above case and all counsel are urged to contact mediator to arrange the logistics of mediation within 7 days from the date of this Order. Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within 30 days from the date of receipt of this Order; an objection that is neither timely filed nor ruled upon before the scheduled mediation may be waived.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the court will be advised by the mediator, parties and counsel, only that the case did or did not settle. The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs. If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an agent with authority to negotiate a settlement. Counsel, the parties and the mediator shall agree upon a mediation date within 30 days from the date of this order. If no date can be agreed upon within the 30 day period, the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

The date scheduled by the mediator is incorporated in this Order as the date upon which the mediation shall occur. In any event, the mediation shall be conducted no later than **04/02/2018.**

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law, which may include dismissal or default judgment. Failure to mediate will not be considered cause for continuance of the trial date. Referral to mediation is neither a substitute for nor a cause for delay of trial, and the case will be tried if not settled.

A report regarding the outcome of the mediation session is to be mailed by the mediator to the court, with a copy to the ADR Coordinator, immediately after the mediation session.

Signed this 23rd day of October, 2017.

_____
Judge Presiding

## Rules For Mediation

1. **Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose her own judgment on the issues for that of the parties.

2. **Conditions precedent to serving as mediator.** The mediator shall not serve as a mediator, in any dispute in which she has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties.

3. **Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct a joint and separate meeting with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine.

4. **Parties responsible for negotiating their own settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

5. **Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

6. **Time and place of mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the mediator's office or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

7. **Identification of matters in dispute.** Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved.

At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require ant party to supplement such information.

8. **Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions; other persons may attend only with the permission of the parties and with the consent of the mediator.

9. **Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum. Any party that violates this order shall pay all reasonable fees and expenses of the mediator and other parties, including reasonable attorney fees, incurred in opposing the efforts to compel testimony or records from the mediator.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; b) admissions made by another party in the course of the mediation proceedings; c) proposals made or views expressed by the mediator; or d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

10. **No stenographic record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

11. **No service of process at or near the site of the mediation session.** No subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

12. **Termination of Mediation.** The mediation shall be terminated: a) by the execution of a settlement agreement by the parties; b) by declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or c) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

13. **Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

14. **Fees and Expenses.** The mediator's daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be equally by the parties unless they agree otherwise.

68TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4630
214-653-6510

October 23, 2017

BRENDA DAMUTH
4514  COLE  AVENUE
SUITE  1450
DALLAS TX  75205

Re:    DC-17-12612

ABEL DELGADO, et al  vs.  MARIAN DOROBANTU, et al

Dear Counsel of Record,

Please be advised that  **BRENDA DAMUTH**  has been appointed the mediator in the above styled and numbered cause. Mediation shall be held at least 30 days *before* the set trial date on  **05/29/2018.**  If you have any questions, please do not hesitate to contact me.

Very truly yours,

MARTIN HOFFMAN
Judge

Attorney Information:
Plaintiff Attorney                                    Defense Attorney
ROBERT L. ADDISON; MICHAEL PAUL SHARP; ROBERT L. ADDISON; MICHAEL PAUL SHARP
214-821-0222; 972-934-9100; 214-821-0222; 972-934-9100



68TH DISTRICT COURT
GEORGE L. ALLEN SR. COURTS BUILDING
600 COMMERCE STREET, STE 510
DALLAS, TEXAS 75202-4630
(214) 653 – 6510

October 23, 2017

ROBERT L. ADDISON
HENLEY & HENLEY PC
3300 OAK LAWN AVENUE SUITE 700
DALLAS TX  75219

In Re:  Cause No.  DC-17-12612;  ABEL DELGADO, et al  vs.  MARIAN DOROBANTU, et al

Please take note of the following settings:

Non-Jury Trial:        **05/08/2018 @ 9:00 A.M.**

Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court Rules.

When no announcement is made for defendant, defendant will be presumed ready.  If plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

**<u>PLEASE NOTE THAT ALL NON-JURY CASES MUST APPEAR ON THE DATE AND TIME THAT THEY ARE SET FOR TRIAL UNLESS OTHERWISE TOLD BY THE COURT.</u>**

Completion of discovery, presentation of pre-trial motions and other matters relating to preparation for trial are governed by the Texas Rules of Civil Procedure.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved Texas Civil Rule of Procedure 21a.

Sincerely,
Martin J. Hoffman
District Judge
68th District Court
Dallas County, Texas